# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:24-CV-171-KDB-DCK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) **PROTECTIVE ORDER** |
| v. | ) ) ) |
| GARRETT W. MORETZ, | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the Parties' "Joint Motion For Protective Order" (Document No. 8) filed October 31, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion.

Plaintiff United States Securities and Exchange Commission ("SEC") and Defendant Garrett W. Moretz ("Moretz") anticipate that discovery in this action will result in the production of sensitive and non-public information, including but not limited to personal identifiable information of non-parties. (Document No. 8).

**IT IS, THEREFORE, ORDERED** that the "Joint Motion For Protective Order" (Document No. 8) is **GRANTED** and the Parties' proposed Protective Order is entered as follows. The following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE

ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel;

   b. Employees and contractors of such parties and counsel assigned to and necessary to assist in the litigation;

   c. Consultants, outside vendors, or experts to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or from whom counsel contemplates taking testimony, except that such a person may only be shown confidential information during and in advance of his/her contemplated testimony and may not retain the confidential information; and

   e. The Court, court reporters, or the jury.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

8. At the conclusion of litigation, the ultimate disposition of confidential information received by a party during the course of discovery will be subject to a final order of the Court and to the Securities and Exchange Commission's obligations under federal laws governing records maintenance and disposition.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling

production of documents or information; or for modification of this Order. Notwithstanding any other provision of this Order, the Securities and Exchange Commission shall not be limited in its ability to share, disclose, or produce any information received in connection with this action in accordance with the Routine Uses of Records maintained under its System of Records Notice SEC-17 (Enforcement Files) promulgated pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, and published at 85 Fed. Reg. 85440, 85459 (Jan. 27, 2021).

**SO ORDERED**.

Signed: October 31, 2024

David C. Keesler
United States Magistrate Judge

# **EXHIBIT A**

I, _____, have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *United States Securities and Exchange Commission v. Garrett W. Moretz*, No. 5:24-CV-171 (W.D.N.C.) have been designated as confidential.

I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court. Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Dated: _____        _____
                                     Signature