IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:24-CV-00171-KDB-DCK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GARRETT W. MORETZ,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF JOINT MOTION TO ENTER FINAL JUDGMENT AS TO DEFENDANT GARRETT W. MORETZ** |

Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") and Defendant Garrett W. Moretz ("Moretz") (collectively "the Parties") have reached a settlement of this matter, and Moretz has consented to the entry of the Final Judgment, which will fully resolve the litigation in this matter. Therefore, the Parties respectfully request that the Court enter the Final Judgment submitted with the Joint Motion to Enter Final Judgment as to Defendant Garrett W. Moretz ("the Joint Motion").

## BACKGROUND

On July 29, 2024, the SEC filed its Complaint against Moretz alleging violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

The Parties have reached a settlement in this case. Attached as **Exhibit 1** to the Joint Motion is the executed Consent of Moretz. The Consent sets forth the terms of the settlement with the SEC. Attached as **Exhibit 2** to the Joint Motion is the proposed Final Judgment to

1

which Moretz has agreed. The Consent includes consent to entry of the Final Judgment. The settlement is the result of extensive negotiations since shortly after the SEC filed its Complaint over ten months ago, between sophisticated and experienced counsel for the Parties. Since the filing of the Complaint, the Parties have exchanged Federal Rule of Civil Procedure 26(a)(1) initial disclosures and have completed document productions.

The proposed Final Judgment against Moretz includes, among other things, permanent injunctive relief, disgorgement of $4,374.91, with prejudgment interest of $1,404.68, a civil money penalty of $35,000, and a time limited conduct-based injunction enjoining Moretz from acting as, or being associated with, any broker, dealer, or investment adviser. It also provides that the SEC may propose a plan for the Court's approval to distribute the settlement proceeds through a fair fund pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 15 U.S.C. § 7246. If approved by the Court, entry of the Final Judgment will fully resolve the litigation in this matter.

## **STANDARDS GOVERNING THE APPROVAL OF SETTLEMENT TERMS**

A settlement involving a government agency "has elements of both judgment and contract, and is subject to judicial approval and oversight generally not present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (discussing consent decree in FDA matter) (cleaned up). Before entering a consent judgment, district courts must ensure that subject matter jurisdiction exists (*see NLRB v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F.4th 395, 399-400, 405-06 (4th Cir. 2022)), and "must examine" the judgment's "terms to ensure they are fair and not unlawful." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002). Specifically, "'the court must satisfy itself that the agreement is

2

Case 5:24-cv-00171-KDB-DCK    Document 24    Filed 08/07/25    Page 2 of 9

fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest.'" *SEC v. Lindberg*, No. 1:22-CV-715, 2023 WL 6390535, at *1 (M.D.N.C. July 3, 2023) (quoting *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (cleaned up)).

Further, there is a "general principle" in favor of settlements, especially when the settlement has been negotiated by a federal administrative agency specially equipped to enforce the law in the particular field. *Id.* (citing *United States v. Chemtronics, Inc.*, No. 20-CV-272, 2022 WL 1127075, at *3 (W.D.N.C. Apr. 14, 2022) (CERCLA consent decree, citing examples)). The decision whether to approve the settlement rests within the discretion of this Court (*see, e.g. North Carolina*, 180 F.3d at 581), and broad deference should be afforded to the government agency's expertise. *United States v. Duke Energy Carolinas, LLC*, 499 F. Supp. 3d 213, 218 (M.D.N.C. 2020).

## ARGUMENT

### I. Subject Matter Jurisdiction

The Court has subject matter jurisdiction because this case arises under the federal securities laws. *See* 28 U.S.C. § 1331 (district courts have jurisdiction in all civil actions arising under the laws of the United States); *Lindberg*, 2023 WL 6390535, at *2; *Zulveta v. Larmore Landscape Assocs.*, No. 18-CV-888, 2019 WL 480517, at *2 (M.D.N.C. Feb. 7, 2019) ("If federal law creates the cause of action, a federal district court unquestionably has subject matter jurisdiction.") (cleaned up).

### II. Fairness, Adequacy, and Reasonableness

Fairness includes both procedural and substantive components. *Duke Energy*, 499 F. Supp. 3d at 218. Procedural fairness is measured by gauging the "candor, openness, and bargaining balance" of the negotiation process, whereas substantive fairness requires that a

3

Case 5:24-cv-00171-KDB-DCK    Document 24    Filed 08/07/25    Page 3 of 9

party "bear the cost of the harm for which it is legally responsible." *Id*. (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86-88 (1st Cir. 1999)). Substantive fairness is closely linked to reasonability and adequacy. *Id*. (citing *Cannons*, 899 F.2d at 90 ("The three broad approval categories were not meant to be mutually exclusive and cannot be reviewed in majestic isolation."))

Here, the proposed Final Judgment is procedurally fair given the proposed Final Judgment and Consent are the result of a good-faith compromise of contested claims following months of litigation and arms-length negotiations between experienced counsel for the Parties. *Cf. United States v. CSX Transp., Inc.*, No. 2:18-CV-01175, 2019 WL 97820, at *2 (S.D.W.Va. Jan. 3, 2019) (considering a consent decree to be procedurally fair where it was the product of an arms-length negotiation, the parties were represented by experienced counsel, and parties exchanged technical and forensic information about the allegations); *United States v. Bank of America, N.A.*, No. 3:12-cv-605-RJC-DCK, 2012 WL 4808737, at *3 (W.D.N.C. Oct. 10, 2012) (consent order was procedurally fair because it reflected valid consent resulting from good faith bargaining since "it provides benefits to both sides and carefully limits and defines the agreement's requirements, reflecting extensive negotiation," and given the lack of possible conflicts of interest); *SEC v. Kleyman*, No. 21-cv-1943 (WMW/KMM), 2021 WL 4622227, at *2 (D. Minn. Oct. 7, 2021) (defendant's signed consent and the representations therein demonstrate procedural fairness).

Given the allegations in the Complaint, which Moretz neither admits nor denies, the relief set forth in the Final Judgment also reflects a substantively fair resolution of this matter. Moretz will be enjoined from future violations of the alleged violations. He also will pay a civil penalty for the alleged violations, together with disgorgement and prejudgment interest, and be enjoined

for 12 months from acting as, or associated with, a broker, dealer or investment adviser. The SEC may also request that a fair fund be established for distributing the settlement amount to alleged harmed investors. *Cf. Kleyman*, 2021 WL 4622227, at *2 (finding settlement substantively fair because the defendant will be held accountable for his alleged violations of the securities laws and enjoined from future violations); *Bank of America*, 2012 WL 4808737, at *3 (proposed consent order was substantively fair because it "reflects a compromise that addresses many of the United States' concerns and does so through terms Bank of America finds acceptable").

Reasonableness in SEC enforcement matters is a multifaceted inquiry that includes: (1) the basic legality of the settlement; (2) whether the terms of the settlement, including its enforcement mechanism, are clear; (3) whether the settlement reflects a resolution of the actual claims in the complaint; and (4) whether the settlement is tainted by improper collusion or corruption of some kind. *See SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 294-95 (2d Cir. 2014) (internal citations omitted); *Lindberg*, 2023 WL 6390535, at *1 (citing *Citigroup* for the proper standard for reviewing a proposed consent judgment involving an enforcement agency); *Kleyman*, 2021 WL 4622227, at *2 (same).

Here, the basic legality of the proposed Final Judgment is supported by the record and the relevant law. Injunctive relief, disgorgement, prejudgment interest, and civil penalties are appropriate forms of relief obtained in cases such as this and consistent with, and proportionate to, the allegations in the Complaint. *See, e.g.*, *SEC v. Perkins*, No. 5:19-CV-243-FL, 2023 WL 5418712, at *2-7 (E.D.N.C. Aug. 22, 2023) (granting permanent injunction, disgorgement, prejudgment interest, and a civil penalty for violations of Sections 17(a) of the Securities Act and 10(b) of the Exchange Act and Rule 10b-5 thereunder) (citing cases); *SEC v. Marker*, 427 F.

5

Case 5:24-cv-00171-KDB-DCK    Document 24    Filed 08/07/25    Page 5 of 9

Supp. 2d 583, 590-93 (M.D.N.C. 2006) (similar); 15 U.S.C. § 77t(b) (authorizing injunctions under the Securities Act); 15 U.S.C. § 77t(d) (authorizing civil penalties under the Securities Act); 15 U.S.C. § 78u(d)(3) (authorizing civil penalties under the Exchange Act); 15 U.S.C. § 78u(d)(1) (authorizing injunctions under Exchange Act); 15 U.S.C. § 78u(d)(5), (7) (authorizing equitable relief and disgorgement under any provision of the securities laws).

The terms of the settlement, including enforcement mechanisms, are also clear. The proposed Final Judgment provides, among other things, that this Court will retain jurisdiction for the purposes of enforcing the Final Judgment and that the SEC may enforce the Court's judgment for monetary relief by using all collection procedures authorized by law and by moving for civil contempt. (*See* Exh. 2, § IV); *cf. Kleyman*, 2021 WL 4622227, at *3 (similar provisions "clearly define who may bring an enforcement action [to enforce the judgment], for what kinds of violations, and in what manner").

The injunctive aspects of the settlement also comply with Federal Rule of Civil Procedure 65(d). *See Lindberg*, 2023 WL 6390535, at *2 ("Courts entering permanent injunctions must comply with [Rule] 65(d).") (citing *Wudi Indus. (Shanghai) Co. v. Wong*, 70 F.4th 183, 189-90 (4th Cir. 2023)). Rule 65(d) provides that every order granting an injunction must state the reasons why it issued, state its terms specifically, and describe the act(s) restrained in reasonable detail. The proposed injunctions explain why they are being issued by (1) reference to the Parties' agreement, which is incorporated by reference (*see* Exh. 1, ¶ 8); (2) the specificity of the agreement resolving the dispute between the Parties; and (3) the nature of the SEC's allegations in its Complaint. *Cf. Lindberg*, 2023 WL 6390535, at *2. The injunctions also "state [their] terms specifically" in accordance with Rule 65(d)(1)(B) by identifying Moretz and

explicitly enjoining him from engaging in specific, identified acts[1] and from acting as, or being associated with, a broker, dealer, or investment adviser (as further defined in the Final Judgment, Exh. 2, § III(a), (b)) for one year. *Cf. id.*

The proposed Final Judgment also reflects a resolution of the actual claims in the Complaint and is not tainted by improper collusion or corruption. *See, e.g., Kleyman*, 2021 WL 4622227, at *3. The settlement will also resolve this case before the Parties incur substantial costs engaging in further discovery and motion practice, and it accounts for the uncertainties inherent in litigation. *See Chemtronics, Inc.*, 2022 WL 1127075, at *5 (considering these factors in assessing reasonableness and adequacy of CERCLA consent decree).

## III. Public Interest

The Court must ensure the settlement is "not illegal, a product of collusion, or against the public interest." *North Carolina*, 180 F.3d at 581. As discussed above, in cases alleging violations of the securities laws, district courts have broad authority to grant appropriate injunctive relief and order the payment of disgorgement, interest, and civil penalties. As such, the proposed Final Judgment is not illegal, is not the product of collusion, and is consistent with the laws that govern this dispute.

The settlement is also in the public interest as it furthers the goals of the federal securities laws by preventing fraud and protecting investors, and it does so without further litigation. *Cf Lindberg*, 2023 WL 6390535, at *2 ("An injunction prohibiting a felon who has violated the Investment Advisers Act in the past from violating it in the future serves the public interest.");

---

[1] For example, the Final Judgment permanently enjoins Moretz from violating Section 17(a) of the Securities Act by "directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about (A) any investment in or offering of securities; or (B) the prospects for success of any product or company." (Exh. 2, § II.)

7

*Chemtronics, Inc.*, 2022 WL 1127075, at *5 (consent decree was in the public interest because it advanced major policy concerns underlying CERCLA and resolved the government's claims without further delay due to lengthy litigation).

## **CONCLUSION**

The Parties respectfully requests that the Court grant this Joint Motion and enter the proposed Final Judgment attached to the Joint Motion.

Dated: August 7, 2025            Respectfully submitted,

s/ Timothy J. Stockwell
Timothy J. Stockwell, D.C. Bar No: 484238
*Attorney for Plaintiff U.S. Securities and Exchange Commission*
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
Telephone: (312) 596-6049
Fax: (312) 353-7398
Email: stockwellt@sec.gov

s/ W. Rob Heroy
W. Rob Heroy (NC Bar No. 35339)
GOODMAN CARR, PLLC
*Attorney for Garrett Moretz*
301 S. McDowell Street, Suite 602
Charlotte, NC 28204
(704) 372-2770
rheroy@goodmancarr.net

## CERTIFICATE OF SERVICE

I certify that on August 7, 2025, I served the foregoing filing upon the following counsel of record utilizing the Court's CM/ECF electronic filing system:

> W. Rob Heroy (NC Bar No. 35339)
> GOODMAN CARR, PLLC
> 301 S. McDowell Street, Suite 602
> Charlotte, NC 28204
> (704) 372-2770
> rheroy@goodmancarr.net
>
> *Counsel for Garrett Moretz*

/s/ Timothy J. Stockwell